UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUN BERLOVAN, | ) | CASE NO. 1: 07 CV 39 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| ALBERTO GONZALES, et al.. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondents. | ) | |

This matter comes before the Court upon a Motion to Dismiss the Petitioner's Petition for
Review of Denial of Application for Naturalization (ECF # 12).  For the reasons set forth below,
the Motion to Dismiss is GRANTED.

## I. BACKGROUND[1]

Petitioner immigrated to the United States from Yugoslavia in 1965, and became a lawful
permanent resident in 1968.  In October 1989, Petitioner was convicted of grand theft and food
stamp trafficking in the Court of Common Pleas for Cuyahoga County, Ohio.

In August 2002. Petitioner filed an application for citizenship.  In May 2006, Petitioner
was issued a Notice to Appear and placed in removal proceedings.  Thereafter, in June 2006,
Petitioner's application for citizenship was denied.  The decision denying the application was
affirmed on September 11, 2006.  The removal proceedings remain pending at this juncture.

On January 5, 2007, Petitioner filed a Petition for Review of Denial of Application for
Naturalization in this Court.  (ECF #1.)  In the Petition, Petitioner requests that:

1.     The Court render a declaratory judgment that the Petitioner is of good moral
character. and is prima facie eligible for naturalization but for the deportation

---

[1] The material facts are generally undisputed in this case.  The factual summary is based upon the
parties' statements of fact.

proceedings.

2.      The Court render a declaratory judgment that the Petitioner may move to terminate and dismiss the deportation proceedings.

3.      The Court order that the Defendants shall terminate and dismiss the deportation proceedings.

4.      The Court order that the Petitioner's application for naturalization be granted.

5.      The Court order and grant such other relief that is just, lawful and equitable in the circumstances.

(*Id.* at 7.) In response, on April 30, 2007, Respondents filed the instant Motion to Dismiss the Petition.

## II. STANDARD OF REVIEW

Where a defendant challenges "the actual existence of the Court's jurisdiction over the matter," the defendant is making a 12(b)(1) "factual attack" on the Court's subject matter jurisdiction. *Dalton v. Jefferson Smurfit Corp., et al.*, 979 F. Supp. 1187, 1193 (S.D. Ohio 1997). In resolving a factual attack under Rule 12(b)(1), "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdiction claims." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6ᵗʰ Cir. 1996). Thus, a court may examine evidence outside of the pleadings in order to determine whether it has jurisdiction to hear a certain case. *See Dalton*, 979 F. Supp. at 1193; *see also Morrison v. Circuit City Stores, Inc.*, 70 F. Supp. 2d 815, 819 (S.D. Ohio 1999) ("[A] court may consider any evidence properly before it when a defendant factually attacks subject matter jurisdiction under Rule 12(b)(1)."). It is with this standard in mind that the instant Motion must be decided.

2

proceedings at the time of the appeal.  Because this Court may not consider the merits of

Petitioner's application for naturalization under the present facts, it lacks jurisdiction to grant the

requested relief.  Accordingly, Petitioner's Petition shall be DISMISSED.

## IV. CONCLUSION

Based upon the foregoing, Respondents' Motion to Dismiss Petitioner's Petition for

Review of Denial of Application for Naturalization (ECF # 12) is GRANTED.  Petitioner's

Petition for Review of Denial of Application for Naturalization (ECF # 1) is DISMISSED.  This

case is TERMINATED.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: July 2, 2007

4